**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4081**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAMAIN E. BELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:16-cr-00068-REP-2)

Submitted:  October 31, 2017                    Decided:  November 7, 2017

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura P. Tayman, LAURA P. TAYMAN, PLLC, Williamsburg, Virginia, for Appellant. Dana J. Boente, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Damain E. Bell of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Bell to 138 months' imprisonment. On appeal, Bell challenges the admission of certain evidence. Finding no error, we affirm.

I.

Bell first challenges the district court's admission of evidence related to heroin, emphasizing that he was not charged with a heroin-trafficking offense. Bell specifically contends that this heroin evidence was impermissibly admitted as other crimes evidence under Fed. R. Evid. 404(b).

The parties dispute the standard of review. A district court's evidentiary ruling is ordinarily reviewed for abuse of discretion, *United States v. Sterling*, 860 F.3d 333, 246 (4th Cir. 2017), and is subject to harmless error review, *United States v. Hall*, 858 F.3d 254, 279 (4th Cir. 2017). In the absence of a timely objection, however, we review a district court's evidentiary ruling for plain error. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016). Bell's only objection was to the admission of a text message between two coconspirators about the current price of heroin in Richmond. But Bell did not object on the ground that the text message was inadmissible other crimes evidence under Rule 404(b), and it is not clear from the context of the objection that Bell sought to invoke this

2

rule. *See* Fed. R. Evid. 103(a)(1)(B). Accordingly, we review Bell's contention on appeal that the heroin evidence was impermissibly admitted under Rule 404(b) for plain error.

"Rule 404(b) allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *Sterling*, 860 F.3d at 246. The rule "is a rule of inclusion, and its list of permissible uses, including motive, opportunity, and intent, is not exhaustive." *Id.* "The Rule 404(b) inquiry, however, applies only to evidence of other acts that are extrinsic to the one charged. Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Palacios*, 677 F.3d 234, 244-45 (4th Cir. 2012) (internal quotation marks omitted). Uncharged conduct is intrinsic if it "arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (brackets and internal quotation marks omitted). Similarly, "[o]ther criminal acts are intrinsic when they are inextricably intertwined [with] or . . . were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks omitted). "Evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (brackets and internal quotation marks omitted).

We conclude that Rule 404(b) does not apply to the heroin evidence because the evidence was intrinsic to the crime charged. The references to heroin in the record establish

3

the relationship between the confidential informant and Bell's coconspirators and demonstrates the significance of the two addresses found in Bell's cellphone, which directly tied Bell to the conspiracy. The mere fact that the heroin transactions occurred before Bell's appearance in the conspiracy does not render the evidence extrinsic. *See United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994). We also reject Bell's assertion that the admission of the heroin evidence was unduly prejudicial under Fed. R. Evid. 403. Accordingly, we conclude that the district court properly admitted the heroin evidence.

## II.

Bell next challenges the court's decision to allow a video with a synchronized transcript prepared by the Government to be played for the jury. We review for abuse of discretion the admission of transcripts to aid in the presentation of recorded evidence. *United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984).

We conclude that the district court did not abuse its discretion in playing the video with the synchronized transcript. Importantly, the court thrice provided a cautionary instruction, advising the jury that the transcript prepared by the Government is not in evidence, that the evidence is the video and audio recording, and that any variance between the recording and the transcript had to be resolved in favor of the recording. The Government also said as much in its closing argument. Although Bell is skeptical of the effectiveness of such a cautionary instruction, we have approved of similar instructions on more than one occasion. *See United States v. Brandon*, 363 F.3d 341, 345 (4th Cir. 2004) (holding that court's repeated cautionary instructions "ensured that the jury did not mistake the transcripts, rather than the tapes, as the critical pieces of evidence"); *United States v.*

4

*Pratt*, 351 F.3d 131, 140 (4th Cir. 2003) (same); *Collazo*, 732 F.2d at 1203 (same). The Government also offered substantial support for the accuracy of the transcript through the testimony of the confidential informant.

### III.

Finally, Bell contends that the district court abused its discretion in admitting expert testimony from Special Agent Alznauer without an explanation of the underlying principles or methodology he used in reaching his opinion. Because Bell did not object to the admission of the expert's testimony, our review is for plain error. *United States v. Galloway*, 749 F.3d 238, 243-44 (4th Cir. 2014).

We have consistently permitted law enforcement officers to testify as experts on the drug trade based on their experience and training. *See, e.g.*, *id.* at 243-45; *United States v. Wilson*, 484 F.3d 267, 275-76 (4th Cir. 2007); *United States v. Hopkins*, 310 F.3d 145, 150-51 (4th Cir. 2002). This case is no different. Special Agent Alznauer testified about his extensive experience investigating large-scale drug cases and as a firearms instructor and, based on this experience, he was able to testify about the tactics and techniques used by drug traffickers in conducting their business. Accordingly, we conclude that the district court properly admitted the expert testimony.

IV.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*